FILED
United States Court of Appeals
Tenth Circuit

December 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERTO ANTONIO
ROSALES-RODRIGUEZ, a/k/a
Luis Garcia-Rodriguez,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9527
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

Roberto Antonio Rosales-Rodriguez, a native and citizen of El Salvador, seeks

review of an order by the Board of Immigration Appeals (BIA) affirming a decision

by the Immigration Judge (IJ) denying his applications for asylum, restriction on

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal, and protection under the Convention Against Torture (CAT). Exercising jurisdiction pursuant to 8 U.S.C. § 1252, we affirm.

I. Background

Mr. Rosales-Rodriguez entered the United States illegally in February 2004. He was arrested in 2009 for driving without a driver's license and insurance. Subsequently, he was charged with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. Mr. Rosales-Rodriguez conceded removability as charged, but requested relief from removal in the form of asylum, restriction on removal, and protection under the CAT.

Mr. Rosales-Rodriguez had a hearing on his applications for relief before an IJ. He testified that he was beaten by his father from when he was a child until he was twenty-one years old, but he never reported the abuse to the authorities. He was also beaten by gang members after he complained to the police about gang activity. The government prosecuted the gang members for beating him and they were confined for two years.

He testified that he came to the United States because he "didn't have any family support" and he "didn't have anywhere to go [or] anywhere to live." Admin. R. at 285-86. When asked if there were other reasons why he came to the United States, he mentioned the general gang violence in El Salvador. He further testified that if he returned to El Salvador he could not live with his father because he is afraid

- 2 -

of him. Although he testified that his father is seventy-six years old and ill with kidney disease, in his application for relief, he stated his belief that his father "w[ould] continue [to] violently abuse[] him, physically and emotionally, if he is returned to El Salvador." Admin. R. at 346.

In his decision denying relief, the IJ concluded that Mr. Rosales-Rodriguez was not entitled to asylum because he had failed to timely file his asylum application. Alternatively, the IJ determined that Mr. Rosales-Rodriguez had not met his burden of proof for asylum, restriction on removal or CAT relief. The IJ also stated that he had problems with Mr. Rosales-Rodriguez's credibility.

The BIA assumed for the purposes of its decision that Mr. Rosales-Rodriguez presented credible testimony and that the asylum time-bar did not apply. In dismissing the appeal, the BIA agreed with the IJ that Mr. Rosales-Rodriguez failed to meet his burden of proof for asylum, restriction on removal or CAT relief. Mr. Rosales-Rodriguez then filed this pro se petition for review.

II. Discussion

"We review the BIA's legal determinations de novo and its findings of fact for substantial evidence." *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010).

A. *Due Process Claim*

Mr. Rosales-Rodriguez first argues that he did not receive "a fair hearing consistent with his due process rights" because his brother was not allowed to testify by telephone, and because the IJ "interrupted and cut-off the line of inquiry and

evidence about [his] mental diagnoses and [Post-Traumatic Stress Disorder]." Pet'r Br. at 7-8. In its decision, the BIA noted that "'[t]o prevail on a due process claim, an alien must establish not only error, but prejudice.'" Admin. R. at 5 (quoting *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009)).

In rejecting Mr. Rosales-Rodriguez's due process claim, the BIA concluded that he had failed to show prejudice from the IJ's alleged errors. In support of this conclusion, the BIA explained that Mr. Rosales-Rodriguez had failed to show how his brother's testimony would have affected the IJ's determination that he had not met his burden of proof for the requested relief. The BIA further explained that the testimony that was allegedly cut-off related to Mr. Rosales-Rodriguez's mental health and the hardship he will experience if he returns to El Salvador and not to establishing his burden of proof for relief. *See id.* ("The pertinent inquiries in determining [Mr. Rosales-Rodriguez's] eligibility for relief and CAT protection are whether he has established a well-founded fear of persecution, a clear probability of persecution, or that he more likely than not will be 'tortured' within the meaning of the regulations.").

We see no error in the BIA's decision on the due process claim because we agree that Mr. Rosales-Rodriguez failed to show any prejudice from the alleged errors. At the hearing, Mr. Rosales-Rodriguez, through counsel, stated that his brother's testimony would relate to the asylum time-bar issue. *See id.* at 296-98. There is no prejudice from this testimony not being allowed because the BIA did not

rely on the asylum time-bar in affirming the IJ's decision. Similarly, there is no prejudice from the IJ's decision to limit the testimony about Mr. Rosales-Rodriguez's mental health issues and the attendant hardship he would face in El Salvador. Any testimony about hardship if he is removed is irrelevant to his claims for relief because, as the BIA recognized, hardship is not a requirement for asylum, restriction on removal, or protection under the CAT. *See id*. at 5; 8 C.F.R. §§ 1208.13, 1208.16 (outlining the relevant standards for asylum, restriction on removal, and protection under the CAT).

B. *Asylum Time-Bar*

Mr. Rosales-Rodriguez next argues that the IJ erred in concluding that his asylum application should be barred as untimely. But the IJ also alternatively determined that Mr. Rosales-Rodriguez's applications should be denied because he failed to meet his burden of proof for each form of relief. In its order, the BIA assumed that the asylum time-bar did not apply and affirmed the IJ's alternative grounds for denying relief.

In this case, a single BIA member acted pursuant to 8 C.F.R. § 1003.1(e)(5) and issued a brief order affirming the IJ's decision. An "(e)(5) brief order . . . produces an independent BIA decision that constitutes the final order of removal under 8 U.S.C. § 1252(a)." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). Under these circumstances we "will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Id*. Because the

- 5 -

BIA did not rely upon the asylum time-bar in affirming the IJ's decision, it does not provide a basis for our affirmance, and therefore we need not address it.

C. *Applications for Relief*

Finally, Mr. Rosales-Rodriguez argues that the agency erred in denying his requests for asylum and restriction on removal.[1] To be eligible for asylum, an alien must show that he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(1), (2).[2] Mr. Rosales-Rodriguez contends that he established past persecution or a well-founded fear of future persecution on account of his membership in the social group of "El Salvadorian Sons Subject to Domestic Violence by their Fathers." Pet'r Br. at 13. We disagree.

The BIA affirmed the IJ's determination that Mr. Rosales-Rodriguez "ha[d] not shown [that] a protected ground formed or will form one central reason for persecution at the hands of his father." Admin. R. at 4. In support of this conclusion,

---

[1]    In his appellate brief, Mr. Rosales-Rodriguez raises no argument challenging the denial of his claim for protection under the CAT. Accordingly, he has waived that issue. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

[2]    To prevail on an application for restriction on removal, an alien must establish that he will "more likely than not" be persecuted upon returning to his country. *Uanreroro*, 443 F.3d at 1202. Because the standard for restriction on removal is higher than that for asylum, an applicant, like Mr. Rosales-Rodriguez, who fails to satisfy the asylum eligibility requirements necessarily fails to qualify for restriction on removal. *Id.*

the BIA recounted one of Mr. Rosales-Rodriguez's stories about a beating from his father. It happened after Mr. Rosales-Rodriguez's common-law wife had left their two children with his father and the children had cried because they did not have milk. When Mr. Rosales-Rodriguez went to pick up his children, his father beat him "out of frustration regarding these circumstances," *id*., and not on account of any protected ground. The record also showed that Mr. Rosales-Rodriguez lived with his father for almost five years after this beating, experiencing only limited physical abuse. And the BIA also concluded that Mr. Rosales-Rodriguez had not shown that his father would be able to persecute him now, noting that his father was elderly and suffering from kidney disease. Finally, the BIA noted that Mr. Rosales-Rodriguez never reported the abuse to the authorities, and therefore he had "not proven that the Salvadoran government was or would be unable or unwilling to protect him from his father." *Id*. (citing *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004)).

In his appellate brief, Mr. Rosales-Rodriguez focuses primarily on a portion of the IJ's decision in which the IJ concluded that Mr. Rosales-Rodriguez was not a member of a particular social group. But the BIA did not rely on that ground for affirming the IJ's decision, noting that, in light of its holdings discussed above, it "need not determine whether [Mr. Rosales-Rodriguez's] proposed particular social group is legally cognizable." *Id*. at 4. We "will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance," *Uanreroro*,

443 F.3d at 1204, and we see no error in the BIA's decision affirming the denial of asylum and restriction on removal.

Mr. Rosales-Rodriguez also argues that he is entitled to "humanitarian asylum" because "he would suffer other serious harm if removed." Pet'r Br. at 14. We see no merit to this argument. As the BIA explained:

> The regulations provide that when an alien is found to be a refugee on the basis of *past persecution*, the asylum application must be denied if there has been a fundamental change in circumstances negating a well-founded fear of future persecution or the applicant could avoid persecution by relocating. 8 C.F.R. § 1208.13(b)(i). However an alien may still receive asylum if there are compelling reasons for being unable to return to the country due to the severity of *past persecution* (i.e., "humanitarian asylum") or a reasonable probability of suffering "other serious harm." 8 C.F.R. § 1208.13(b)(iii)(A)-(B).

Admin. R. at 5 (emphasis added). Because Mr. Rosales-Rodriguez had not demonstrated past persecution, the BIA determined that "these concepts are not relevant here." *Id*. We see no error with the BIA's determination on this issue.

III. Conclusion

For the foregoing reasons, we deny the petition for review.

Entered for the Court

Stephen H. Anderson
Circuit Judge

- 8 -